NIEMEYER, Circuit Judge,
dissenting:
The issue in this case, stated slightly differently than the majority opinion frames it, is whether § 11A-3-22 of the West Virginia Code provides constitutionally deficient notice to a landowner of her right to redeem property that is subject to a sale for the failure to pay taxes. The issue is not, as the majority would have it, whether the purchaser of the tax lien engaged in reasonable efforts to notify the landowner. The standard for disposing of the issue before us is established in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) and Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). Mullane requires that a statute provide notice “reasonably calculated” to apprise the landowner of the pending sale, 339 U.S. at 314, 70 S.Ct. 652; see also Dusenbery v. United States, 534 U.S. 161, 168-71, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002), and Mennonite held that reasonable notice is provided by mailing, see 462 U.S. at 798, 103 S.Ct. 2706.
In connection with the collection of real property taxes, the relevant West Virginia statute provides for the sale of tax liens on real property under a process that is similar to that adopted in most states, declaring it the State’s policy to provide “regular tax income for the state, county and municipal governments” and to recognize that “delinquent land not only constitutes a public liability, but also represents a failure on the part of delinquent private owners to bear a fair share of the cost of government.” W. Va.Code § 11A-3-1. One purpose given for the statute is “[t]o provide for the speedy and expeditious enforcement of the tax claims of the state and its subdivisions” and for “the transfer of delinquent and nonentered lands to those more responsible to, or better able to bear, the duties of citizenship than were the former owners.” Id.
Under the scheme established by the statute, when the owner of real property becomes delinquent in the payment of taxes, the sheriff publishes a notice of a tax lien against the property and a proposed sale. In the notice, the sheriff provides the name of the person charged with the payment of taxes, a description of the property, and the amount of taxes owed. Notice of the lien and proposed sale is given by publication and by certified mail, sent to' the last known address of the landowner, as well as to each person holding a lien on the property. Id. § 11A-3-2. Following the sheriffs sale, the sheriff prepares a list of the tax liens sold, which *579 he then publishes and files with the clerk. Id. § 11A-3-9.
To secure a deed to the property, the purchaser of a tax lien must not only continue to pay the taxes, but he must also provide the clerk of the court with the names and addresses of persons who have the right to redeem the property so that the clerk can send those persons notice of the redemption right before conveying the property to the purchaser. Id. §■ 11A-3-19. The statute requires that the clerk serve that notice “in the manner provided for serving process commencing a civil action or by certified mail, return receipt requested.” Id. § 11A-3-22. “If the address of any person entitled to notice, whether a resident or nonresident of [the] state, is unknown to the purchaser and cannot be discovered by due diligence on the part of the purchaser, the notice shall be served by publication.... ” Id.
In this case, there is no evidence that the sheriff did not comply with the statute by sending the notice of sale, and there is no evidence that the purchaser of the tax lien on Plemons’ property did not comply with the statute, providing the clerk with the name of Plemons and several addresses where notice to her of her redemption rights was to be sent. In particular, the purchaser gave the clerk three addresses for Plemons: 913 Echo Road (the address of the property as contained in the recorded deed); 917 Echo Road (the mailing address of the property and the address given for Plemons in the telephone book); and 928 Garden Street, (the address of another property owned by Plemons). The purchaser also directed that the clerk send notices to “Occupant” at the two Echo Road addresses. Moreover, the record contains no evidence of any other publicly available address for Plemons.
Whether Plemons actually received notice under this scheme for providing notice of the sale and a second notice of redemption rights is not relevant to the question of whether the sheriff and the purchaser followed the statutory scheme and whether that scheme satisfied the Constitution in providing a method reasonably calculated to give Plemons - notice. See Dusenbery, 534 U.S. at 170, 122 S.Ct. 694. Moreover, the fact that mail sent by the clerk to Plemons was returned undeliverable (because Plemons had moved) was not relevant. The risk of any lack of notice fell on Plemons if the method provided by statute was reasonably calculated to give her notice.
The West Virginia statute falls well within the requirements of both Mullane and Mennonite, which provide that mailing is a method reasonably calculated to give notice. The statute provided for mailing notice to Plemons once before the time of sale and again before the expiration of the time for redemption. Because the method for giving notice to Plemons was not constitutionally deficient, I would reverse the judgment of the district court.